IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

## STATE OF TENNESSEE v. MONTREAL LYONS

**Appeal from the Criminal Court for Shelby County**
No. 03-01051          James C. Beasley, Jr., Judge

_____

### No. W2016-00929-CCA-R3-CD

_____

Defendant, Montreal Lyons, appeals from the trial court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant contends that his sentence is illegal because the trial court imposed the sentence for offenses that occurred in 2002 under the 2005 amendments to the sentencing act without an *ex post facto* waiver signed by Defendant. The State responds that the trial court properly dismissed Defendant's motion because he failed to state a colorable claim for relief. We agree with the State. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and J. ROSS DYER, JJ., joined.

Cristy C. Cooper Davis, Greenfield, Tennessee, for the appellant, Montreal Lyons.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kenya Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Procedural history*

Defendant was convicted of four counts of aggravated robbery and one count of especially aggravated kidnapping. *State v. Montreal Lyons*, No. W2006-02445-CCA-R3-CD, 2008 WL 2699657 (Tenn. Crim. App., July 9, 2008), *perm. app. denied* (Tenn., Jan. 20, 2009). The trial court merged the four aggravated robbery convictions into two convictions, and Defendant was sentenced to twelve years for each aggravated robbery

conviction and twenty years for his especially aggravated kidnapping conviction. His sentences were ordered to run consecutively, for an effective sentence of 44 years' incarceration.

The offenses occurred on May 14, 2002, and the facts underlying Defendant's convictions were summarized by a panel of this court in the opinion on direct appeal. *Id*. The panel noted that Defendant "ma[de] no argument as to whether the trial court utilized the pre- or post-2005 version of the sentencing act to determine his sentence." *Id*. at *4. Defendant also did not raise the issue in the appeal from the denial of post-conviction relief. *Montreal Lyons v. State*, No. W2010-00798-CCA-R3-PC, 2011 WL 3630330 (Tenn. Crim. App., Aug. 18, 2011), *perm. app. denied* (Tenn., Dec. 14, 2011).

On December 7, 2015, Defendant filed a *pro se* Rule 36.1 motion to correct an illegal sentence. The trial court appointed an attorney to represent Defendant and held a hearing on the motion on April 1, 2016. At the hearing, the State stipulated and the trial court recognized that Defendant was sentenced under the 2005 amendments to the sentencing act.

In its written order dismissing the motion, the trial court found that the parties "agreed that the sentencing procedure was not proper under [*State v.*] *Gomez*[, 239 S.W.3d 733 (Tenn. 2007)]. The court concluded, however, that the sentence was not illegal. The court stated:

> The sentence was authorized by applicable statutes and was within the proper range of punishment for [Defendant]. There was a valid justification for the sentence imposed based strictly on [Defendant]'s prior criminal history, notwithstanding the other factors that the Court considered in imposing the sentence.

*Analysis*

Under Rule 36.1, either a defendant or the State may file a motion to "correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). The trial court may dismiss a Rule 36.1 motion if the motion fails to state a "colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b)-(c)(1); *see State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). A Rule 36.1 motion states a "colorable claim" when the "claim . . . if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 592-93 (Tenn. 2015). An appellate court may determine whether the "allegations of a Rule 36.1 motion, and any supporting materials, state a colorable claim for relief under Rule 36.1." *Id*. at 594.

- 2 -

A defendant states a colorable claim for relief under Rule 36.1 by showing that his imposed, unexpired sentence is illegal. *Id*. at 594-95. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a) (2015). "[T]he definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *Wooden*, 478 S.W.3d at 594-95. A sentencing error falls into one of three categories: clerical, appealable, and fatal. *Id*. at 595; *Cantrell v. Easterling*, 346 S.W.3d 445, 449-53 (Tenn. 2011). Only "fatal errors" render a sentence illegal. *Wooden*, 478 S.W.3d at 595 ("The final category is fatal errors, and these errors are 'so profound as to render the sentence illegal and void.'") (quotiong *Cantrell*, 346 S.W.3d at 452). An illegal sentence includes: (1) sentences imposed pursuant to an inapplicable statutory scheme; (2) sentences designating release eligibility dates where early release is statutorily prohibited; (3) sentences that are ordered to be served concurrently where statutorily required to be served consecutively; and (4) sentences not authorized by any statute for the offenses. *Id*. In those situations, relief is appropriate "because the trial court [would] not have the statutory authority (or jurisdiction) to impose the challenged sentence." *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010).

The 2005 amendments to Tennessee's sentencing act apply to all criminal acts committed on or after June 7, 2005. *State v. Nelson*, 275 S.W.3d 851, 868 n. 6 (Tenn. Crim. App. 2008). A defendant who commits a criminal act before June 7, 2005, may "elect to be sentenced under these provisions by executing a waiver of [his] *ex post facto* protections." *Id*. If a defendant fails to execute an *ex post facto* waiver, and a sentencing court imposes a sentence under the 2005 amendments, the defendant's sentence is merely voidable, rather than void and illegal. It is an *appealable* error under *Wooden*, and by definition not an "illegal" sentence for Rule 36.1 purposes.

## CONCLUSION

Defendant is not entitled to relief in this appeal. The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE